# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**November 8, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **B.F., M.H., and B.R.**

**No. 19-0416** (Wood County 17-JA-242, 17-JA-243, and 17-JA-244)

## MEMORANDUM DECISION

Petitioner Mother K.R., by counsel Jeffrey B. Reed, appeals the Circuit Court of Wood County's March 8, 2019, order terminating her parental rights to B.F., M.H., and B.R.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Jessica E. Myers, filed a response on behalf of the children in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the circuit court failed to make sufficient findings of fact in its dispositional order, erred in terminating her parental rights, and erred in denying her request for post-termination visitation.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 6, 2017, the DHHR filed an abuse and neglect petition against petitioner alleging that, immediately following the birth of B.F., petitioner tested positive for methamphetamine, amphetamine, THC, and cocaine. The child tested positive for

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

methamphetamine, amphetamine, THC, and Suboxone after he was born. Petitioner later admitted that she snorted heroin in her hospital room right before delivering B.F.

On December 5, 2017, the circuit court held an adjudicatory hearing. Based upon her stipulation to the allegations in the petition, petitioner was adjudicated as an abusing parent. The circuit court granted her a post-adjudicatory improvement period. On February 8, 2018, petitioner was arrested and incarcerated upon a charge of possession with intent to deliver a controlled substance. On February 20, 2018, the circuit court held a review hearing during which it found that petitioner failed to comply with her post-adjudicatory improvement period prior to her incarceration. Due to petitioner's lack of participation, the circuit court scheduled a dispositional hearing.

On April 17, 2018, the circuit court held a dispositional hearing and granted petitioner a post-dispositional improvement period. Petitioner subsequently admitted herself to an in-patient substance abuse treatment program. On September 18, 2018, the circuit court held a review hearing regarding petitioner's post-dispositional improvement period. The DHHR presented evidence that petitioner was not complying with services and failed to complete the treatment program. The DHHR moved to terminate petitioner's improvement period, and the circuit court scheduled the case for a dispositional hearing. On November 5, 2018, the circuit court held a dispositional hearing, which was continued.

On December 7, 2018, the circuit court resumed the dispositional hearing and was informed that petitioner had been complying with some of the terms and conditions of her improvement period. The court granted petitioner's motion to extend her post-dispositional improvement period. In February of 2019, petitioner again entered an in-patient substance abuse treatment program. She was subsequently caught with alcohol in the facility. The facility allowed her to continue treatment, but suggested that petitioner needed a more structured treatment facility.

On March 5, 2019, the circuit court held a final dispositional hearing in the matter. The DHHR presented evidence that petitioner began multiple substance abuse treatment programs during the course of the proceedings, but failed to complete any of them. Additionally, petitioner failed to fully participate in parenting and adult life skills classes and was released by the provider due to her noncompliance. Petitioner also failed to participate in drug screens and tested positive for illegal substances on multiple occasions. The DHHR and guardian moved to terminate petitioner's parental rights and deny her request for post-termination visitation due to her continued substance abuse issues. The circuit court took judicial notice of the case file and adopted the position of the DHHR and the guardian. The court noted on the record that petitioner failed to make any substantial improvements during the proceedings, which had been ongoing for approximately nineteen months. Based upon the evidence presented, the circuit court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that the termination of her parental rights was in the children's best interests. Ultimately, the circuit court terminated petitioner's parental rights and

denied her request for post-termination visitation in its March 8, 2019, order. Petitioner now appeals that order.[2]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

First, petitioner argues that the circuit court's dispositional order "does not contain sufficient findings of fact and conclusions of law for proper appellate review." In support, petitioner contends that the court failed to comply with Rule 36 of the Rules of Procedure for Child Abuse and Neglect Proceedings which provides, in part, that "[a]t the conclusion of the disposition hearing, the court shall make findings of fact and conclusions of law, in writing or on the record, as to the appropriate disposition in accordance with the provisions of W. Va. Code § 49-4-604."[3] Petitioner asserts that the statements in the dispositional order were conclusions, not

---

[2]According to the parties, the permanency plan for M.H. is to remain in the custody of her nonabusing father. S.F., the father of B.F. and B.R., successfully completed an improvement period and the petition against him was dismissed. The permanency plan for B.F. is to remain in his father's custody. The permanency plan for B.R., who has resided with his maternal grandmother since she was granted legal guardianship shortly after the child was born, is to remain in the legal guardianship with the maternal grandmother.

[3]Also in support of her argument, petitioner contends that the circuit court's order violates case law that provides that

> [w]here a trial court order terminating parental rights merely declares that there is no reasonable likelihood that a parent can eliminate the conditions of neglect, without explicitly stating factual findings in the order or on the record supporting such conclusion, and fails to state statutory findings required by West Virginia Code § [49-4-604(b)(6)] . . . on the record or in the order, the order is inadequate.

(continued . . . )

3

findings of fact. We disagree and find that the order in question meets the applicable requirements for review on appeal.

The record shows that the circuit court made sufficient findings on the record to support its written findings in the dispositional order. The court adopted the position of the DHHR and the guardian and specifically found that petitioner failed to make any measurable improvements during the proceedings, which lasted approximately nineteen months. In its dispositional order, the circuit court made the appropriate findings regarding termination of parental rights as required by West Virginia Code § 49-4-604. Therefore, the circuit court did not err, and petitioner is entitled to no relief.

Next, petitioner argues that the circuit court erred in terminating her parental rights because the children had already achieved permanency with family members. We disagree. West Virginia Code § 49-4-604(b)(6) provides that a circuit court may terminate parental rights upon findings that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the children. Further, West Virginia Code § 49-4-604(c)(3) provides that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected when the abusing parent has

> not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare, or life of the child.

Here, the record shows that petitioner entered multiple in-patient treatment programs, but failed to complete any program during the proceedings. Further, petitioner failed to fully participate in parenting and adult life skills classes and was ultimately released by the provider due to her noncompliance. Additionally, petitioner missed several drug screens and tested positive for substances multiple times during the proceedings. In sum, petitioner was unable to make any meaningful improvements, despite ample time and opportunities. Although petitioner argues that the termination of her parental rights was unnecessary because the children had achieved permanency with family members, the termination of petitioner's parental rights was necessary for the children's welfare due to her continued substance abuse issues and failure to correct the conditions of abuse and neglect. Further, M.H. remains in the sole custody of her biological father. *See In re Emily*, 208 W. Va. 325, 344, 540 S.E.2d 542, 561 (2000) (stating that West Virginia law "permits the termination of one parent's parental rights while leaving the rights of the nonabusing parent completely intact, if the circumstances so warrant."). Moreover, the circuit court specifically found that the termination of petitioner's parental rights was in the children's best interests and that the children needed continuity of care and caretakers. Based on the foregoing, it is clear that there was no reasonable likelihood that petitioner could

---

Syl. Pt. 4, in part, *In re Edward B.*, 210 W. Va. 621, 558 S.E.2d 620 (2001).

4

substantially correct the conditions of abuse and neglect in the near future and that termination was necessary for the children's welfare. We have also held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Accordingly, we find no error in the circuit court's termination of petitioner's parental rights.

Finally, petitioner argues that the circuit court erred in denying her post-termination visitation with the children. According to petitioner, the Court Appointed Special Advocate's report recommended "possible supervised visits . . . at the guardian's discretion" and that the guardian recommended that any post-termination visitation "should be at the discretion of the grandparents and/or parents." Petitioner asserts that it was "totally inappropriate" for the guardian to change her position and argue against post-termination visitation at the dispositional hearing. We disagree.

In regard to post-termination visitation, we have previously held that

> "[w]hen parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 11, *In re Daniel D.*, 211 W. Va. 79, 562 S.E.2d 147 (2002). The circuit court had the discretion to grant or deny post-termination visitation consistent with the children's best interests and was not bound by any of the recommendations or arguments of the parties. Petitioner did not present any evidence during the dispositional hearing regarding her bond with the children. In fact, the record shows that the two older children lived with other family members before the abuse and neglect petition was even filed. The record shows that petitioner's contact with the children during the proceedings was sporadic and that she did not see the children during most of her post-dispositional improvement period. Further, petitioner's failure to comply with her family case plan and her continued substance abuse issues demonstrated that post-termination visitation was contrary to the children's best interests. Therefore, the circuit court did not abuse its discretion in denying petitioner's request for post-termination visitation.

5

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 8, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**:  November 8, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

6